**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT PIKEVILLE**

CIVIL ACTION NO. 04-237-DLB

BOBBY D. WARD                                                                                       PLAINTIFF


vs.                                   **MEMORANDUM OPINION & ORDER**


JO ANNE B. BARNHART, Commissioner
SOCIAL SECURITY ADMINISTRATION                                          DEFENDANT

******************

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Bobby Ward filed an application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits on March 15, 2002. His application was denied initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge (ALJ), which was held on February 27, 2003. On June 23, 2003, the ALJ ruled that Plaintiff was not under a disability. The Appeals Council denied Plaintiff's request for review on June 5, 2004, and the ALJ's decision became the final decision of the Commissioner.

Plaintiff, who was 40 years old at the time of the hearing, completed high school and attended college for one year. He has past relevant work as a reclamation operator and

1

carpenter, and alleges an inability to work beginning on March 7, 2002 due to a seizure disorder, heart problems, back and leg problems, and headaches. At the hearing before the ALJ, Plaintiff indicated that he has a seizure approximately once a month,[1] experiences constant back pain that originates in his tailbone and radiates down his left hip, and often gets short of breath and weak due to his heart condition. He also indicated that he can only sit/stand for 15 minutes, and has to lay down several times during the day, for 35 minutes to one hour at a time. (Tr. 244-254).

Having exhausted his administrative remedies, Plaintiff filed the instant action on June 10, 2004. The matter has culminated in cross motions for summary judgment, which are now ripe for adjudication.

## II.  DISCUSSION

**A.     Overview of the Process**

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even

---

[1]Plaintiff was diagnosed with grand mal seizures.

if we might have decided the case differently.  *See Her v. Comm'r of Social Security,* 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis.  Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform.  At the last step, the burden of proof shifts from the claimant to the Commissioner.  *See Jones v. Comm'r of Social Security,* 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.,* 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.    The ALJ's Determination**

At Step 1, the ALJ found that Plaintiff has not engaged in substantial gainful activity since his alleged onset date.  (Tr. 15).  At Steps 2 and 3, the ALJ found that Plaintiff's seizure disorder, back impairment, and mental impairment constitute severe impairments, but that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one listed in Appendix 1, Subpart P, Regulations No. 4.  At Step 4, the ALJ found that Plaintiff possessed the residual functional capacity (RFC) to perform a significant range of medium work.  Specifically, the ALJ found that, given his history of back pain and seizure activity, Plaintiff should never climb ladders, ropes, or scaffolds, and should only occasionally climb ramps/stairs; should avoid even moderate exposure to unprotected heights and hazards; and is prohibited from operating a motor vehicle.  (Tr. 19).  The ALJ also found that Plaintiff is moderately limited in his ability to perform activities

3

within a schedule, maintain regular attendance, and be punctual within customary tolerances; complete a normal workday and workweek without interruptions from psychologically based symptoms and perform at a consistent pace without an unreasonable number and length of rest periods; interact appropriately with the general public; and respond to changes in the work setting. (Tr. 20). He is, however, able to follow 1-2 step commands. (Tr. 20). Based on this assessment, the ALJ concluded that Plaintiff is unable to perform his past relevant work as a reclamation operator or carpenter. (Tr. 20). At Step 5, the ALJ found that Plaintiff is capable of making a successful adjustment to work that exists in significant numbers in the regional and national economies. (Tr. 21). This conclusion resulted from testimony by a vocational expert ("VE"), in response to a hypothetical question assuming an individual of Plaintiff's age, education, past relevant work experience, and RFC. (Tr. 21).

**C.     Analysis**

In this appeal, Plaintiff's sole contention of error is that the ALJ did not comply with SSR 96-7p. That regulation provides, in part, "The adjudicator must ... consider any observations about the individual recorded by Social Security Administration (SSA) employees during interviews, whether in person or by telephone." SSR 96-7p at *5. Plaintiff alleges that when he initially applied for benefits, Social Security employee, Debra Music, observed that: "Claimant did some slow, drugged, he was not use[d] to his medicine yet." (Tr. 59). According to Plaintiff, the ALJ erred in not discussing Ms. Music's observations in his written decision. In addition, Plaintiff alleges that these observations were corroborated at the February 27, 2003 hearing, where the ALJ noticed that his eyes were "glazed over" and he was "not responsive." (Tr. 244). In response, the Commissioner

notes that Ms. Music also indicated on the initial intake form that Plaintiff did not display any difficulty in the following areas: hearing, reading, breathing, understanding, coherency, concentrating, talking, answering, sitting, standing, walking, seeing, using hand(s), or writing. (Tr. 59). More importantly, the Commissioner argues that the Sixth Circuit recently rejected Plaintiff's strict interpretation of SSR 96-7p. *See Thacker v. Comm'r*, No. 02-6138, 2004 WL 1153680, at *3 (6th Cir. May 21, 2004).

Plaintiff attempts to discount the precedential value of *Thacker* by noting that it is an unpublished decision. Plaintiff also relies on the Eastern District of New York's decision in *Brown v. Barnhart*, No. 01-cv-2962, 2002 WL 603044, at *1 (E.D. N.Y. Apr. 15, 2002), for the proposition that the Social Security Administration must comply with its own procedural regulations, including SSR 96-7p. In *Brown*, the ALJ failed to make any findings on the claimant's capacity to sit in determining her residual functional capacity even though there was evidence from treating and consultative examiners to the contrary. *Id*. In addition to the objective medical evidence, the ALJ also failed to mention the observations of the SSA interviewer, when the plaintiff initially applied for benefits. *Id*. That interviewer observed in the report: "Clmt was in noticeable discomfort while seated for a period lasting approx 45 min-1 hr. She repositioned herself periodically." *Id*. *Brown* is clearly distinguishable from the instant case in that the observations of the SSA interviewer were merely one piece of evidence, among many, that supported a restriction on the plaintiff's ability to sit. In this case, there is no evidence, other than Ms. Music's notation, indicating that Plaintiff experienced side effects from his medications. In fact, the record reflects that Plaintiff repeatedly denied any such side effects. (Tr. 80, 140). Finally, the Court

respectfully notes that *Brown* is persuasive authority and, as such, is not binding upon the Court.

The Sixth Circuit's decision in *Thacker*, on the other hand, is controlling on the issue of the ALJ's compliance with SSR 96-7p. In that regard, the Court cannot ignore the Sixth Circuit's statement that:

> SSR 96-7p only requires that the ALJ consider other employees' observations of her. The ALJ's failure to discuss those observations does not indicate that they were not considered. An ALJ need not discuss every piece of evidence in the record for his decision to stand.

*Thacker*, 2004 WL 1153680 at *3. Based on the applicable case law, as well as the lack of any other evidence that Plaintiff suffered adverse side effects from his medications, the Court concludes that the ALJ did not err in failing to discuss the SSA employee's observations in his written decision. Therefore, Plaintiff's sole contention of error is without merit.

One final matter deserves comment. Plaintiff alleges that the observations of the SSA employee were corroborated at the February 27, 2003 hearing, when the ALJ asked Plaintiff to describe what typically happens when he experiences a seizure. Plaintiff responded "It's – you just like, I'm sitting here talking to you now, and two minutes later, I don't know what...." (Tr. 244). In an attempt to more aptly characterize Plaintiff's symptoms, the ALJ continued, "Okay, but I mean from looking at you the only thing I'd see would be that your eyes are glazed over or whatever and you're not responsive. Is that what you've been told happens to you or...." (Tr. 244). Plaintiff contends that the ALJ's statement was contemporaneous with his observation of those very symptoms. The Commissioner, however, argues that "The ALJ did not actually observe these symptoms

6

during Plaintiff's testimony." A review of the hearing transcript reveals that the ALJ was merely attempting to help Plaintiff more precisely describe the onset of a seizure. Therefore, the Court concludes that Plaintiff's testimony does not serve to corroborate Ms. Music's observations of him when he initially applied for benefits.

### III.  CONCLUSION

Accordingly, for the reasons stated,

**IT IS ORDERED** that the decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. #9) is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. #11) is hereby **GRANTED.**

A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

Dated this 22nd day of June, 2005.



Signed By:
*David L. Bunning*  DB
United States District Judge

G:\DATA\SocialSecurity\MOOs\7-04-237-WardMOO.wpd